AO 241 (Rev. 09/17)



OCT 0 2 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for
    Address
    City, State  Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Easter District of Texas |
|---|---|
| Name (under which you were convicted): David Duane Bryant | Docket or Case No.: WR-94,977-01 |
| Place of Confinement: Coffield Unit trusty camp | Prisoner No.: 02376168 |
| Petitioner (include the name under which you were convicted) David Duane Bryant | Respondent (authorized person having custody of petitioner) Warden Coffield state Prison J. Garcia v. The State of Texas |
| The Attorney General of the State of: Texas | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   #139 Sixth District Court, Lamar County, Texas

   (b) Criminal docket or case number (if you know): Cause No. 29164 HC-1/WR-94,9771-01

2. (a) Date of the judgment of conviction (if you know): Dec. 2, 2021

   (b) Date of sentencing: Dec. 2, 2021

3. Length of sentence: 20 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Possesion of less than one gram, Sentenced to 20 years Texas Dept. crim. Justice

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty       ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty           ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

 (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

 (c) If you went to trial, what kind of trial did you have? (Check one)

  ☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

 ☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

 ☒ Yes   ☐ No

9. If you did appeal, answer the following:

 (a) Name of court: __Sixth District Court of Lamar County, Texas__
 (b) Docket or case number (if you know): __06-21-00152-CR__
 (c) Result: __Affirmed Judgement__
 (d) Date of result (if you know): __June 8, 2022__
 (e) Citation to the case (if you know): __2022 WL 2056991__
 (f) Grounds raised: __Enhancement used to charge as Habitual use of out of state priors that were not similar to my current Drug charge for enhancement purposes and the use of 12.425 covering Penal Code, wrongfully Applied, as well as 12.42__

 (g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

  If yes, answer the following:

  (1) Name of court: __Court of Criminal Appeals__
  (2) Docket or case number (if you know): __P.D. No: 0324-22__
  (3) Result: __Judgement Affirmed__

AO 241 (Rev. 09/17)

(4) Date of result (if you know): Aug. 24, 2022

(5) Citation to the case (if you know): NO: 06-21-00152-CR / 2022 Tex. Crim. App. LEXIS 560

(6) Grounds raised: Use of out of state convictions for enhancement purposes, use of Tex Pen. Code 12.42, 12.41, when case was covered by 12.425 at trial.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Sixth District Court of Lamar County

(2) Docket or case number (if you know): Cause No. 29164 HC-1

(3) Date of filing (if you know): June 8th 2023

(4) Nature of the proceeding: Writ of Habeas Corpus 11.07

(5) Grounds raised: Actual Innocence, #2 eye witnesses not Subpoenaed #3 Ineffective Assistance of Counsel #4 Enhancements #5 Preservation of error #6 Harm analysis #7 Ten year rule #8 Inflamed Jury #9 Exibits #10 Perjury / Changing testimony /

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: Court denied without written order

AO 241 (Rev. 09/17)

    (8) Date of result (if you know):    8-23-2023

  (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    N/A

    (2) Docket or case number (if you know):    N/A

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:    N/A

    (5) Grounds raised:    N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

    (7) Result:    N/A

    (8) Date of result (if you know):    N/A

  (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:    N/A

    (2) Docket or case number (if you know):    N/A

    (3) Date of filing (if you know):    N/A

    (4) Nature of the proceeding:    N/A

    (5) Grounds raised:    N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☒ Yes  ☐ No

(2) Second petition:  ☒ Yes  ☐ No

(3) Third petition:  ☒ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I appealed, Denied Appeal, P.D.R, Writ of Habeas corpus 11.07

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Actual innocence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was the only one arrested and was a passenger in the vehicle. Two others were in the car. Gary Wright was the driver, and Linda Chancler was the passenger in the rear seat. No one claimed the controlled substance. SEE Memorandum

(b) If you did not exhaust your state remedies on Ground One, explain why: I had no control or verbal contact with my direct appeal attourney, when I did write he said that the direct appeal was only for errors made in the proceedings at trial. I asked to have several grounds listed and was denied. I wrote and asked for a face to face visit to work on my my appeal. Troy Horneby said at 100 miles it was to far to drive.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: I was represented by Troy Hornsby and had no controle or contact to even discuss any issues, only contact was through mail.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus 11.07

Name and location of the court where the motion or petition was filed: Lamar County District clerk then forwarded to Court of Criminal appeals of Texas. PO box 12308 Capitol Station Austin Tx, 78711

Docket or case number (if you know): WR-94,977-01

Date of the court's decision: 8-23-2023 I recieved notice on 9-13-2023

Result (attach a copy of the court's opinion or order, if available):

Denied without written order the application for writ of habeas corpus 11.07

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Sixth District court of Lamar County, Texas, 75460

Docket or case number (if you know): NO: 06-21-00152-CR

Date of the court's decision: June 8 2022

Result (attach a copy of the court's opinion or order, if available): Judgement Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: On June 12 2023 I Filed my writ of Habeas Corpus 11.07 for actual Innocents

**GROUND TWO:** Witnesses not Subpoenaed

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
In trial court transcripts vol. 3 of 4 Page 9 Line 13-18 the court asked if Gary Wright and Linda Chanclor had been Subpoenaed the D.A. Said no as did Mr. Rosemergy. These two witnesses were present at the time of my arrest and could have changed the outcome of the trial. Both were on the Witness list for my trial. No attempt was made by the D.A. Nick Stallings or court appointed attorney Paul Rosemergy to contact them. SEE Memorandum

(b) If you did not exhaust your state remedies on Ground Two, explain why: This is ground 2 on my patition writ of Habeas Corpus 11.07

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: I had no control over my direct appeal as to what I could put in it.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus 11.07
Name and location of the court where the motion or petition was filed: Lamar County Paris Tx, 75460 then they sent it to the Court of appeals in Austin Texas
Docket or case number (if you know): WR-94,927-01

AO 241 (Rev. 09/17)

Date of the court's decision: 8-23-2023

Result (attach a copy of the court's opinion or order, if available): The court denied without written order the application for writ of Habeas Corpus 11.07

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Lamar County, Paris Texas Cause No. 29164 HC-1

Docket or case number (if you know): WR-94,977-01

Date of the court's decision: 8-23-2023

Result (attach a copy of the court's opinion or order, if available): Court denied the writ of Habeas Corpus 11.07 Giving no reason for the denial

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: I filed the writ of Habeas Corpus 11.07 June 8, 2023 with the Clerk of the court in Lamar county, Sixth District

**GROUND THREE:** Ineffective assistance of counsel, to many facts to list in this space.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Rosemergy failed to Subpeana witnesses, failed to object at key points of the trial, failed to argue enhancements and he allowed me to plead to them without explaining the pros and cons. These are all verifiable in the court transcripts in Vol 3 of 4 documented in 11.07 See memorandum.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _N/A_

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _Mr. Hornsby was the attuney and did not discuss any of the appeal with me, we only corresponded through the mail._

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _11.07_

    Name and location of the court where the motion or petition was filed: _Lamar County District clerk then to the Court of appeals in Austin Texas_

    Docket or case number (if you know): _WR-94,977-01_

    Date of the court's decision: _8-23-2023_

    Result (attach a copy of the court's opinion or order, if available): _Court denied without written order the application for writ of Habeas Corpus 11.07_

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _Sixth District court of Lamar County, Paris, Tx forwarded to Court of crim appeals in Austin TX_

    Docket or case number (if you know): _WR-94,977-01_

    Date of the court's decision: _8-23-2023_

    Result (attach a copy of the court's opinion or order, if available): _The Court has denied without written order the application for writ of Habeas corpus 11.07_

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I had a Court appointed Direct appeal lawyer that Did not include me in any Part of my direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: I filed a writ of Habeas Corpus 11.07 on June 8 2023 addressing Ineffective assistance of Counsel.

**GROUND FOUR:** Enhancements

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was not informed by Mr. Rosemergy the pros and cons of pleading to enhancements alleged in the state of Nevada. I plead not true. Mr. Rosemergy did not object or argue any of the enhancements on my behalf.

SEE Memorandum

(b) If you did not exhaust your state remedies on Ground Four, explain why: Writ of Habeas Corpus 11.07 was denied. No further explanation was given.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My Direct Appeal Attorney told me in letters that a Direct Appeal only dealt with errors of trial court proceedings.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Sixth District Court of Lamar County, Paris TX forwarded to court of crim. app. Austin TX

Docket or case number (if you know): WR-94,977-01 Cause # 29164-HC-1

Date of the court's decision: 8-23-2023

Result (attach a copy of the court's opinion or order, if available): Court has denied without written order the application of Habeas Corpus 11.07

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Sixth district court of Lamar County Paris, TX forwarded to crim court of app. Austin TX

Docket or case number (if you know): WR-94,977-01

Date of the court's decision: 8-23-2023

Result (attach a copy of the court's opinion or order, if available): The court of appeals denied the writ of Habeas corpus 11.07 without written order.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: I did address the ground of enhancements in my 11.07 writ of Habeas corpus I was only told it was Denied without written order

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: I filed writ of Habeas Corpus 11.07 and addressed the issue of enhancements before the 11.07 I filed a P.D.R. that was refused Aug. 24, 2022 Before that was the Direct appeal wich Judgement was affirmed.

Page 12 of 16

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   N/A

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   No. I thought I did all of the 11.07 right. I have no idea why it was not even given an opinion.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mr. Paul Rosemergy 320 Decker Dr. Irving, Texas 75062

(b) At arraignment and plea: Mr. Paul Rosemergy 320 Decker Dr, Irving, Texas 75062

(c) At trial: Mr. Paul Rosemergy 320 Decker Dr. Irving, Texas 75062

(d) At sentencing: Mr. Paul Rosemergy 320 Decker Dr. Irving, Texas 75062

(e) On appeal: Mr. Troy Hornsby 1725 Golleria Oaks Drive Texarkana, Texas 75503

(f) In any post-conviction proceeding: Pro Se David Bryant 2376168 T.C.C.O. 2661 FM 2054 Tennessee Colony Tx 75884

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se David D Bryant 2376168 T.C.C.O 2661 FM 2054 Tennessee Colony Texas 75884

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I was convicted Dec 2 2021 my appeal was given to court appointed Troy Hornsby on that date. Mr. Hornsby filed the direct appeal on May 25, 2022 that was decided on June 8 2022 at that time I had to ~~learn~~ how to do a petition for a Learn

AO 241 (Rev. 09/17)

Discrecionary review. I filed the P.D.R on 8-8-2022 that was refused on 8-24-2022 I got a extention for my P.D.R on 6-27-2022 to Aug 8 2022 from the date I filed the P.D.R to June 8 2023 I worked on Learning how to do the writ of Habeas corpus 11.07; From June 8 2023 till today Sept 13 2023, So if I did the correct math I should still be on time for the 2254 writ of Habeas corpus I should still have about 2 months to eat up a year toll time, If not I would request a 60 day extention for any other paperwork I need to do.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

New trial or reversal of the verdict.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____

Page 16 of 16